UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JAMES WEST,

                     Plaintiff,

        -against-                 **COMPLAINT**

CITY OF NEW YORK, MICHAEL
WILLIAMS, and OKERA MORRISON,

                              **PLAINTIFF DEMAND**
                 Defendants.        **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff James West, as for his complaint against the defendants, alleges, upon

information and belief, as follows:


### PARTIES, JURISDICTION and VENUE

        1.      At all relevant times herein, plaintiff James West was a male resident of

Kings County, within the City and State of New York.

        2.      At all relevant times herein, defendant City of New York was and is a

municipal corporation duly organized and existing under and by virtue of the laws of the

State of New York and acts by and through its agencies, employees and agents, including, but

not limited to, the New York City Police Department ("NYPD") and its employees.

        3.      At all relevant times hereinafter mentioned, defendant Michael

Williams, Tax No. 946396, was employed by the City of New York as a member of the

NYPD. Williams is being sued in both his official and individual capacities.

4.      At all relevant times hereinafter mentioned, defendant Okera Morrison, Tax No. 928816, was employed by the City of New York as a member of the NYPD. Morrison is being sued in both her official and individual capacities.

5.      Upon information and belief, at all relevant times herein, Williams and Morrison were state actors acting in the course of their employment with the NYPD under color of law.

6.      Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983.  The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

7.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the plaintiff.

8.      A Notice of Claim was timely served by plaintiff upon the defendant City of New York.

9.      At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

10.      Plaintiff has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

11.      This action is brought within one year and ninety days of the events complained of herein.

## FACTUAL ALLEGATIONS

12.     On August 28, 2013, at or about 7:30 a.m., the plaintiff was lawfully present inside 1306 Atlantic Avenue, in Kings County in the City and State of New York (the "Premises"), as an invited guest.

13.     The Premises is understood to be a privately owned building that consists, in relevant part, of a bar or social club.

14.     On August 28, 2013, at or around 7:30 a.m., members of the NYPD, including the individual defendants, physically forced their way into the Premises.

15.     The plaintiff, along with at least nine other individuals, was seized, handcuffed, and searched by defendants.

16.     Plaintiff was present in the same room as the other arrested individuals when the defendants entered.

17.     The defendants have claimed that they found narcotics and marijuana and one or more gambling machine in one or more rooms other than the room where plaintiff and the other arrested individuals were located.

18.     There were no narcotics, drug paraphernalia, or weapons, in plain view in the open area of the Premises where plaintiff and the other individuals were located.

19.     Plaintiff was not in possession of any narcotics, drug paraphernalia, or weapons, nor had plaintiff been observed engaging in any illegal activity or any other conduct that would reasonably support a belief that the plaintiff constructively possessed any narcotics, drug paraphernalia, or weapons.

20.     At no time did the defendants have adequate legal cause to detain, seize, or arrest plaintiff, nor could defendants have reasonably believed that such cause existed.

21.     The plaintiff was detained at the Premises for a period of time and then transported to a local NYPD Precinct station house for processing. While at the station house, the plaintiff was fingerprinted, photographed, and searched.

22.     During the afternoon of August 28, 2013, the defendants voided the arrests of all of the other persons arrested with plaintiff, noting that these individuals were not deemed to have custody or control over the items allegedly recovered in the other room(s) in the Premises.

23.     The defendants chose not to release plaintiff.

24.     Instead, the defendants elected to continue to seize plaintiff and took steps to initiate his prosecution.

25.     As an initial matter, the defendants falsely claimed that plaintiff was a person named David West, whom defendants claim was the subject of an outstanding Supreme Court warrant, 0561N-2012.

26.     The defendants did so even though they knew from all of the identifying information in plaintiff's possession that he was, in fact, James West, and had never been known as David West, and that there were no open warrants for James West.

27.     Notwithstanding the fact that plaintiff was not the subject of the search warrant upon which defendants had relied in entering the Premises, and was not, and had

never been, known as David West, defendants proceeded to complete arrest paperwork for plaintiff in which he was referred to as David West.

28.    While plaintiff was imprisoned by the defendants, defendant Williams completed arrest paperwork in which he expressly claimed that plaintiff had committed the offenses of criminal possession of narcotics, criminal possession of marijuana, and promoting gambling.

29.    Williams then forwarded paperwork to the Kings County District Attorney ("KCDA") following the arrest of plaintiff, and Williams personally spoke with a prosecutor at the KCDA, at which time Williams reiterated the above and further claimed that West was working at the Premises.

30.    All of these statements were materially false. As defendants were aware, West was found in the same room as the other 9 persons whom defendants had arrested, and then released after choosing to void their arrests, and thus there was no evidence that West had any more custody or control over the alleged contraband than his fellow arrestees, whom defendants had already decided were not criminally liable.

31.    Instead, defendants elected to hold James West on the arrest warrant for David West, and then charged him criminally in order to ensure that at least one person was criminally charged after defendants had obtained a search warrant and arrested 10 people.

32.    The defendants knew that they lacked probable cause for plaintiff's arrest and therefore fabricated evidence that he worked in the Premises in order to

5

differentiate West from the other plaintiffs, for whom defendants already knew there was no probable cause to support their arrest.

33.     The defendants made and forwarded these false allegations to the KCDA in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

34.     The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of their statements, claims, and was assuming that all of the defendants' factual statements were truthful in all material respects.

35.     As a direct result of these allegations by the defendants, plaintiff was criminally charged by the KCDA under 2013KN066648 with criminal possession of narcotics and marijuana, and promoting gambling.

36.     The criminal court initially set bail for plaintiff and he was taken to Rikers Island, a series of detention facilities owned and operated by the municipal defendant, where he was further imprisoned against his will.

37.     Defendant Morrison was present at the scene of the arrest and was working that day as Williams's supervising officer.

38.     Defendant Morrison was aware of the same exculpatory information concerning West and the other 9 arrestees, and approved the decision to void the other arrestees' arrests.

39.     Morrison was aware that Williams was wrongly holding James West on a warrant for David West, and was fabricating evidence to justify the KCDA's initiation of a criminal prosecution.

40.     All of the wrongful actions undertaken by Williams were done so either at the direction of, or with the approval and consent of Morrison, Williams's partner and Sergeant.

41.     At no time did either individual defendant seek to intervene in the unlawful acts of the other, and each aided and abetted in their collaboration to falsely arrest James West, and then seek his prosecution to cover up his false arrest and the defendants' unlawful conduct concerning West's arrest and prosecution.

42.     On February 28, 2014, all of the criminal charges stemming from this arrest were dismissed and the criminal case terminated in plaintiff's favor.

43.     At no time was plaintiff charged or brought to any court in relation to the Supreme Court warrant 0561N-2012, or any other warrant of which these defendants claim they were aware on the date of plaintiff's arrest.

44.     At all times relevant herein, the two individual defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

45.     Plaintiff repeats and restates each and every preceding paragraph of the complaint as if incorporated and reiterated herein.

46.     Defendants Williams and Morrison willfully and intentionally seized, searched and arrested plaintiff without cause, and without a reasonable basis to believe such cause existed, and utilized more force that what was necessary and reasonable under the circumstances.

47.     Defendants Williams and Morrison fabricated, manufactured, and misstated facts, and then forwarded these allegations to the KCDA in order to cover up the false arrest of plaintiff, and to cause the initiation of plaintiff's criminal prosecution, which was eventually terminated in plaintiff's favor.

48.     At no time was there probable cause for plaintiff's prosecution, nor was there a reasonable basis to believe such cause existed.

49.     To the extent that either defendant did not actively engage in these activities, he or she was aware that the other defendant was so engaged, and failed to make any effort to intervene or otherwise limit the misconduct and the injuries suffered by plaintiff.

50.     In so doing, the defendants violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

51.     By reason thereof, Williams and Morrison have violated 42 U.S.C. § 1983 and caused plaintiff to be deprived of his federal constitutional rights, and to suffer loss

of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

52.     Plaintiff repeats and restates each and every preceding paragraph of the complaint as if incorporated and reiterated herein.

53.     Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, and imprisoned.

54.     At no time did defendants have probable cause, legal justification, authority, or any legal basis for seizing, arresting, searching, or imprisoning plaintiff, no was there any basis for causing the initiation of plaintiff's criminal prosecution, and said conduct was unlawful.

55.     Defendants are liable under New York law for falsely arresting, falsely imprisoning, and maliciously prosecuting and denying due process to the plaintiff.

56.     The municipal defendant is liable for the actions of the individual defendants under the doctrine of respondeat superior.

57.     By reason thereof, defendants have caused plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii.   on the second cause of action actual damages in an amount to be determined at trial;

iii.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

iv.   such other relief as the Court deems just and proper.

Dated:  New York, New York
        October 22, 2014

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

Michael Lumer (ML-1947)

10